IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WATERLOO DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR06-2040-MWB |
| vs. | **DETENTION ORDER** |
| JONATHAN PLUM, | |
| Defendant. | |

This matter is before the court on motion of the plaintiff (the "Government") to detain the defendant Jonathan Plum while he awaits trial in this matter. The court held a detention hearing on June 29, 2006, at which Assistant U.S. Attorney Robert L. Teig appeared on behalf of the Government, and Plum appeared in person with his attorney, Alfred E. Willett. The Government offered the testimony of ATF Special Agent Michael Wempen. Following the hearing, Plum was referred for a competency evaluation pursuant to 18 U.S.C. § 4241(b). On September 18, 2006, after receipt and review of the report from Plum's evaluation, the court held a hearing, found Plum competent to proceed in this matter, and resumed consideration of the detention issue.

The court must determine whether any condition or combination of conditions will reasonably assure Plum's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In the present case, the record indicates that although he is competent to assist in his own defense and to stand trial in this matter, Plum nevertheless suffers from a degree

of mental illness that would make him a danger to witnesses in this case. On this record, Plum has periodic delusions regarding his relationship with one of the witnesses and her child that led Plum to fire a gun into a garage next to a residence in which the witness, her child, and another witness were located. Plum admitted to officers that he had fired the shots, stating he did so in order to frighten the occupants of the residence. He had formed the belief that the house was a "crack house," and he was concerned for the safety of the child, of whom he believes, without justification, that he is the father. Of particular concern to the court in considering the detention issue is the fact that despite a long history of mental health and substance abuse treatment, Plum continues to deny he has any delusional or distorted thinking, or that he has a problem with alcohol or other drugs.

Plum has family, friends, and a job in the Waterloo, Iowa, area. Nevertheless, on this record, the court lacks confidence that Plum would be able to control his behavior sufficiently to prevent a reasonable risk of harm to the witnesses and the minor child. Should the opportunity present itself, the court would consider placement of Plum in a secure mental health facility while he awaits trial in this matter. Absent that type of restricted treatment setting, however, the court finds there are no other conditions or combination of conditions of release that would reasonably protect the safety of the witnesses and the minor child.

Accordingly, the court finds the Government has not proved by a preponderance of the evidence that Plum is a flight risk, but has proved by clear and convincing evidence that Plum would be a danger to the community if released. Therefore, the court finds the following:

1.  Plum is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Plum reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Plum to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Plum must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 22nd day of September, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT